09-5225-ag
Reyes v. Holder

BIA
A070 580 001

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of October, two thousand ten.

PRESENT:
        ROGER J. MINER,
        JOSÉ A. CABRANES,
        DENNY CHIN,
            *Circuit Judges*.
_____

TATIANA REYES,
        *Petitioner*,

                                        09-5225-ag
        v.                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        H. Raymond Fasano, New York, New
                       York.


FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Janice K. Redfern, Senior
                       Litigation Counsel, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tatiana Reyes, a native and citizen of Russia, seeks review of a November 20, 2009 order of the BIA denying her motion to reopen. *In re Tatiana Reyes,* No. A070 580 001 (B.I.A. Nov. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of Reyes's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We review constitutional claims *de novo*. *See Guo Qi Wang v. Holder*, 583 F.3d 86, 90 (2d Cir. 2009).

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Reyes's motion to reopen was therefore indisputably untimely and number-barred as it was her second motion filed more than five years after the agency's final order of removal. However, because the BIA nevertheless considered Reyes's motion to reopen on its merits, we review that decision and

2

conclude that the BIA did not abuse its discretion in denying the motion.

In *Dada v. Mukasey*, 128 S. Ct. 2307, 2319 (2008), the United States Supreme Court held that an alien "must be permitted to withdraw, unilaterally, a voluntary departure request *before* the departure period expires." 128 S. Ct. at 2319 (emphasis added). Reyes's voluntary departure period expired on January 4, 2004. *See* 8 U.S.C. § 1101(a)(47)(B) (providing that an "`order of deportation'" becomes "final upon the earlier of . . . a determination of the BIA affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]"). However, Reyes did not file her motion to reopen seeking to withdraw her request for voluntary departure until April 2009, more than five years after the expiration of her voluntary departure period. Therefore, the BIA did not abuse its discretion to the extent it denied Reyes's request for withdrawal as untimely. *See Dada*, 128 S. Ct. at 2319.

The BIA also reasonably found that the IJ provided Reyes with appropriate notification of the consequences of failing to voluntarily depart. Under 8 U.S.C.

3

§ 1229c(d)(3), "[t]he order permitting an alien to depart voluntarily shall inform the alien of the penalties under this subsection."  The IJ did so, including warnings in his order granting Reyes's request for voluntary departure and also providing warnings to Reyes orally at her merits hearing.  Reyes indicated on the record that she understood the potential penalties, and Reyes cites to no authority requiring an IJ to provide a warning of those penalties before granting voluntary departure.  Thus, we find no error in the BIA's conclusion that the IJ's contemporaneous warnings were proper.  *See* 8 U.S.C. § 1229c(d)(3).

We likewise find no merit to Reyes's argument that the IJ violated her due process rights by failing to provide her with warnings prior to granting her request for voluntary departure.  In the immigration context, "[t]o establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted).  The alien is also required to "allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v.*

4

*Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008)(internal quotation marks omitted).

Reyes does not allege that she was deprived of an opportunity to withdraw her request for voluntary departure after learning of the consequences of failing to comply with a grant of such relief. In fact, Reyes was informed of the penalties associated with a failure to voluntarily depart on August 28, 2002, but Reyes did not seek to withdraw her request at any time before the expiration of her voluntary departure period on January 4, 2004, as she had a right to do. *See Dada*, 128 S. Ct. at 2319. Reyes thus has failed to demonstrate that she was deprived of a "full and fair opportunity" to withdraw her request for voluntary departure after being informed of the possible consequences of failing to comply with the voluntary departure order. *Burger*, 498 F.3d at 134. Accordingly, the BIA did not abuse its discretion in denying Reyes' motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

5

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk